UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guangzhou Luck Commerce Co. Ltd., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Individuals, Partnerships, and ) <br> Unincorporated Associations on ) <br> Schedule A, ) <br> ) <br> Defendants. ) | Case No.: 1:23-cv-01876 <br><br> Dist. Judge Jorge L. Alonso <br><br> Mag. Judge Heather K. McShain |

**Unopposed Motion for Extension of Time**

**NOW COME** defendants EEIRLJQD, LNRJHW, SWGACA, TMSCRPLW, Zhiqiang Wang, CGOPEE, LVUMTNR, ENGMWHMC, Xinqi Zhang, Pengshan Xu, SVNTJJDI, DSCHSPSS, sanyabuqimaoyiyouxiangongsi, and TYMI Co,Ltd ("Defendants"), by and through their undersigned counsel, and hereby move this Court to extend the time to file a response to the Complaint. In support of their motion, Defendants states as follows:

1. Plaintiff filed its Complaint on March 25, 2023. [Dkt. 1].

2. Defendants were ostensibly served with process on June 15, 2023. [Dkt. 22].

3. Defendants recently retained local counsel. Defendants need a short additional time to explore settlement, or exhaust the prospect thereof and respond to Plaintiff's Complaint. Defendants submit that a short extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

4. This Court may, for good cause, extend the time by which Defendant's responses are due after the time has expired if a Defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of

Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

5. Defendants respectfully request that this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to August 17, 2023.

6. This Motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

7. This is the first motion for an extension of time filed by Defendants.

8. Plaintiff has indicated that it does not oppose Defendants' requested extension.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order:

  a) extending the date on which Defendants' response(s) to Plaintiff's Complaint are due to August 17, 2023.

Dated: July 27, 2023

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
adamu@au-llc.com
Ph: (312) 715-7312
*Attorney for Defendants*